IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| GLADYS R. WOOTEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:13-CV-54-MSH |
| | : | Social Security Appeal |
| CAROLYN COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the Plaintiff is working.  *Id.*  If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## Administrative Proceedings

Plaintiff applied for supplemental security income and disability insurance benefits on June 5, 2009. (Tr. 140-152, 181, ECF No. 10.) Initially, Plaintiff alleged disability as of December 12, 2005, due to schizophrenia, multiple personality disorder, knee problems, depression, memory loss and bad eyesight. (Tr. 215.) Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 93-99, 107-112.) Plaintiff appeared before the ALJ on November 29, 2011, at which time her counsel moved to amend her application for supplemental security income to change the onset of disability to June 5, 2009, the date on which the applications were filed. Plaintiff's attorney also moved to dismiss the application for disability insurance benefits. Both motions were granted. (Tr. 47, 48.) Following the hearing, the ALJ issued an unfavorable decision on March 28, 2012. (Tr. 20-40.) The Appeals Council ultimately denied Plaintiff's Request for Review on March 29, 2013. (Tr. 2-5.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 26.) The ALJ found that Plaintiff suffered from the severe impairments of schizoaffective disorder, cognitive disorder/not otherwise specified, chronic obstructive pulmonary disease (COPD), pleural effusion and carpal tunnel syndrome/status post-release in the right hand. (Tr. 26.) (*Id.*) The ALJ then determined that Plaintiff's severe and nonsevere impairments did not meet or medically equal, either

4

individually or in any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 26.)

The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform work at the medium exertional level with added restrictions of both an exertional and nonexertional nature. (Tr. 29.) Testimony from the vocational expert (VE) led the ALJ to conclude that Plaintiff could not perform her past relevant work of both skilled and unskilled labor at the light and medium exertional levels. (Tr. 33.) Plaintiff was forty-one at the time of the ALJ's decision, which is considered to be a younger individual. (Tr. 30.) The ALJ then found that Plaintiff had a limited education and could communicate in English. (Tr. 33.) Considering her age, education, work experience, and RFC, the ALJ determined that there were jobs which existed in significant numbers in the national economy which Plaintiff could perform. (*Id.*)

## ISSUES

I. **Whether the ALJ properly specified the weight given to the medical opinions in the record and explained his reasons for assigning weight to each opinion.**

II. **Whether the ALJ's decision is supported by substantial evidence.**

## DISCUSSION

I. **Did the ALJ properly specify the weight given to the medical opinions in the record and explain his reasons for assigning weight to each opinion?**

In her first enumeration of error, Plaintiff contends that the ALJ failed to specify the weight he gave to each of the medical opinions contained in the record before him and failed to explain the reasons for assigning weight to the opinions he did discuss in reaching his decision. (Pl.'s Br. 9; ECF No. 14.) Because the Court finds merit in

5

Plaintiff's contention that the ALJ failed to adequately discuss the records and opinions of Christopher Downey, M.D. in a manner sufficient to afford meaningful judicial review, only her first asserted error is addressed.

The ALJ found that Plaintiff suffers from the severe impairments of pleural effusion and COPD. (Tr. 26.) Her treating physician, Dr. Christopher Downey, a specialist in pulmonology, treated her for both impairments and hospitalized her on several occasions during the relevant time period for acute breathing problems. (Tr. 410-419.) Dr. Downey clearly stated in the treatment notes that he was treating Plaintiff as an inpatient for distressed breathing caused by the pleural effusion. (Tr. 442-447.) On December 2, 2011 Dr. Downey performed a thorascopic drainage of a pleural effusion. (Tr. 494.) Despite having found both the COPD and the pleural effusion to be severe impairments, nowhere in his decision does the ALJ discuss the treatment given to Plaintiff by Dr. Downey, or even mention Dr. Downey by name at all.

It is well settled that an ALJ must "state with particularity the weight he gave different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). In formulating the Plaintiff's RFC, the ALJ made no more than a passing mention of Dr. Downey's December 19, 2011 opinion that Plaintiff cannot walk more than two hundred feet without stopping to rest. (Tr. 33, 492.) This opinion, rendered in the form of an affidavit for a handicapped parking permit, is a medical source opinion by a treating specialist describing a specific functional limitation. The decision by the ALJ to give the opinion "only some weight" is unexplained. (Tr. 33.) This is error.

Only in a footnote in the Commissioner's brief does she specifically address Plaintiff's contention that the ALJ failed to adequately consider and assign weight to Dr. Downey's opinion. (Comm'r's Br. 10 n.4.) Although the ALJ purports to find that the worsening COPD and pleural effusions were caused by Plaintiff continuing to smoke and her noncompliance with prescribed treatment (Tr. 33), it is impossible for a reviewing court to decide whether this determination by the ALJ is supported by substantial evidence without some discussion of the notes and opinions of the treating specialist who diagnosed the conditions.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the case be REMANDED back to the Social Security Administration for further proceedings consistent with this Order, including a specific assessment of the impact of Dr. Downey's opinion on Plaintiff's application for benefits.

SO ORDERED, this 10th day of March, 2014.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE